Bruce P. BADLEY et al., Appellants
(Plaintiffs below),

v.

Edward E. BIRCHBY and James C. Birchby,
Appellees (Defendants below).

No. 3898.

Supreme Court of Wyoming.

Aug. 5, 1971.

Bruce P. Badley, Sheridan, for appellants.

Lawrence A. Yonkee, of Redle, Yonkee & Arney, Sheridan, for appellees.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

PER CURIAM.

Bruce P. Badley, executor of the estate of R. G. Diefenderfer, deceased, and Nelle D. Diefenderfer, widow of the deceased, appealed from an order granting the defendants' motion for summary judgment. Plaintiffs had sued to recover legal fees allegedly due deceased from defendants. The trial court held the plaintiffs' action barred by the statute of limitations.

R. G. Diefenderfer died on January 17, 1969. He practiced law in Wyoming for some 57 years. Edward E. Birchby, one of the defendants, is an attorney practicing in Sheridan, Wyoming.

This suit was filed on February 16, 1970, in the district court of Sheridan County. Plaintiffs claim the sum of $13,000 for legal services rendered by Mr. Diefenderfer. It was alleged that he appeared on behalf of defendants in three separate cases. On March 6, 1970, defendants answered the complaint alleging that Mr. Diefenderfer was paid in full for his services and that plaintiffs' suit was barred by the statute of limitations.

Depositions of the defendants were taken, as adverse parties, on behalf of the plaintiffs. Defendants took the deposition of the plaintiff, Bruce P. Badley, and Margaret E. Stroup, a secretary for the deceased.

On April 30, 1970, defendants served and filed a motion for summary judgment and asked that the motion be granted on the ground there was no genuine issue of material fact regarding defendants' defenses that the claims mentioned in the complaint accrued more than eight years before the action was commenced and plaintiffs' claims were barred by the statute of limitations, and defendants were entitled to judgment as a matter of law. Plaintiffs made no response to defendants' answer or motion.

The trial court, on June 17, 1970, granted defendants' motion for summary judgment and found that there was no genuine issue as to any material fact regarding the defense that the claims alleged in the complaint accrued more than eight years be-

fore the action was commenced, and plaintiffs' claims were barred by the statute of limitations.

■ Plaintiffs admit and the record clearly shows that the action was not commenced within eight years after the cause of action arose. More than eight years elapsed between the time the cause of action arose and Mr. Diefenderfer's death. However, plaintiffs argued that the ten year statute of limitations applied, not the eight year statute. The pertinent statutes are as follows:

Section 1–12, W.S.1957, "Civil actions can only be commenced within the periods prescribed in this chapter, after the cause of action accrues; * * *"

Section 1–17, "Within eight years an action upon a contract not in writing, either express or implied; * * *"

Section 1–21, "An action for relief, not hereinbefore provided for, can only be brought within ten years after the cause of action accrues."

Plaintiffs' entire argument that the ten year statute should apply and not the eight year one, is not lengthy and is therefore set forth in full.

"The defendants would appear to base their defense upon Wyoming Statutes 1957, § 1–17, which provides that an action upon a contract not in writing must be brought within eight years.

"We would submit at this time that the applicable statute would not be § 1–17, but that this cause would come within the so-called 'residual clause' of Wyoming Statutes 1957, § 1–21, reading as follows:

An action for relief, not hereinbefore provided for, can only be brought within ten years after the cause of action accrues.

"See Glenrock v. Abadie, 71 Wyo. 414, 259 P.2d 766, at 71 Wyo. 428–429, [259 P.2d 766] in this regard.

"There is no oral contract involved in this matter; it is a simple action for the reasonable value of services rendered by a highly respected attorney to a fellow attorney and friend. An action for the reasonable value of services rendered would be an action 'not hereinbefore provided for' and, therefore, within § 1–21 and its ten year statute of limitations."

The Glenrock v. Abadie case cited by plaintiffs appears to have no application to the case at hand. It was an action for the reformation of an instrument and merely held that where a specific limitation did not apply the so-called residuary clause (§ 1–21) applied.

We are cited no authority by plaintiffs as to why this action is not one on contract. The cause of action sounds in contract. Plaintiffs' claim must be founded upon a contract not in writing which brings the cause within the purview of the eight year statute (§ 1–17).

■ Plaintiffs further argued before this court that there was a showing that defendant, Edward E. Birchby, had made oral promises to pay the debt, and equitable estoppel thereby arose. There is, however, no showing that plaintiffs raised the question of estoppel in the trial court. Estoppel is an affirmative defense and must be pleaded and raised in the lower court. Rule 8(c), W.R.C.P.

The answer was filed on March 6, 1970, the motion for summary judgment was filed and served upon plaintiffs on April 30, 1970, and the motion was heard June 17, 1970. Plaintiffs had considerable time to make some response to defendants' answer and motion as it related to the statute of limitations. Having failed to raise the question in the trial court, plaintiffs cannot urge consideration of it on appeal.

Although we need not consider the estoppel question, we have examined and considered the contentions of plaintiffs in their brief and are convinced that no estoppel arose.

Affirmed.